[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR RECONSIDERATION DATED 11/10/99
On August 30, 1999 the defendant Rita Gelinas moved for Reassignment of Undecided Short Calendar Matter pursuant to P.B. Sec. 11-19. The motion was turned over to the presiding judge who in turn forwarded it to the trial judge of the American HeritageAgency, Inc. et al v. Rita Gelinas case, (Hennessey, J.). This court denied the motion as final judgment had not entered in that case. On November 10, 1999 the defendant moved for reconsideration of this court's ruling on the August 30, 1999 motion.
Attached to the November 10, 1999 motion was a copy of the transcript dated February 9, 1999. On that date the court was preparing to commence trial of the American Heritage case referenced above. Shortly before then on January 25, 1999 the defendants had filed a Motion to Discharge Lis Pendens which had not come up on the short calendar. On February 9, 1999 the defendants raised the matter of that pending motion and sought to have the court hear it. The court refused to delay the trial in order to hear the motion and advised the defendants that the motion would be dealt with once judgment had entered in the American Heritage case.
In its decision of June 24, 1999 in the American Heritage case, the court found for the plaintiffs as to liability and ordered an accounting preliminary to assessing damages. The defendant moved to stay the accounting and appealed the decision under the provisions of C.G.S. Sec. 52-477. The Appellate Court stayed the accounting pursuant to C.G.S. Sec. 52-405 which allows an appeal from a judgment ordering an accounting as if it were a final judgment.
The transcript of February 9, 1999 confirms that the court did not hear the Motion to Discharge Lis Pendens and based on the CT Page 15029 understandings reached on that date would not hear it until judgment had been rendered disposing of the American Heritage case. The 120 day rule therefore does not apply.
The defendants had indicated on February 9, 1999 in relation to their motion that they intended to sue the plaintiff William Gelinas for slander of title. The court made it clear that that issue was not before the court in the American Heritage case and that the defendants were free to pursue a separate action if they were so inclined.
There is nothing to prevent the remaining defendant from reclaiming the motion to the short calendar if she does not wish to wait for this court's final judgment. The plaintiffs would in turn be free to pursue such means as they deemed necessary to secure resources held by the defendant Rita Gelinas during the pendency of the appeal and, depending on the outcome of the appeal, to such time as this court enters final judgment in the American Heritage case.
For the reasons stated the defendant's motion for Reconsideration is denied.
Hennessey, J.